Case 4:19-cr-00752   Document 352   Filed on 02/22/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Criminal No. 4:19-cr-00752-7 |
| | § | |
| CHUANPHIT SRITHONGRUNG | § | |

## ORDER AND OPINION

Pending before me is the United States's Motion to Apply Bond. *See* Dkt. 348. For the reasons set forth below, the Motion to Apply Bond is **GRANTED**.

### BACKGROUND

On October 10, 2019, a grand jury in the Southern District of Texas indicted Defendant Chuanphit Srithongrung ("Srithongrung") on various federal charges. Roughly a month later, on November 19, 2019, Srithongrung was arrested in California. She was released on bond subject to certain conditions, one of which required her to post a $50,000 cash deposit. Srithongrung did so on November 20, 2019.

On February 10, 2021, Srithongrung pled guilty to conspiracy to manufacture, distribute, or possess with intent to distribute 5F-MDMB-PINACA and 5F-AMB, both Schedule I controlled substances and controlled substance analogues. United States District Court Judge George C. Hanks, Jr. sentenced Srithongrung to 48 months in prison and ordered her to pay a $100 special assessment. *See* Dkt. 331. Judge Hanks also imposed a forfeiture money judgment against Srithongrung in the amount of $500,000. *See* Dkt. 284 at 3.

The United States now requests that I apply the $50,000 cash deposit posted as Srithongrung's bond against the special assessment and forfeiture money judgment.

### ANALYSIS

Federal law provides that, under special circumstances, money deposited with the court for the purposes of bond may be applied to a criminal fine,

assessment, or restitution. The relevant statute, 28 U.S.C. § 2044, provides as follows:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.

28 U.S.C. § 2044. "[T]he applicability of Section 2044 requires two showings: (1) that the money was deposited by the defendant or on the defendant's behalf; and (2) that the money belongs to the defendant." *United States v. Hughes*, No. 3:15-CR-11, 2017 WL 2462725, at *1 (S.D. Tex. June 6, 2017). With respect to the second prong, the burden rests with the government to establish by a preponderance of the evidence "that the funds in question belonged to the defendant and were not deposited by a third-party surety." *Id.*

Both prongs are easily satisfied in this case. The $50,000 cashier's check used to pay Srithongrung's bond states that the remitter is "Chuanphit Srithongrung" and nobody else. Dkt. 351-3. Additionally, the record contains an Affidavit by Attorney Or Authorized Agent of the Owner of Cash Security, signed on November 20, 2019, which provides as follows:

> I, NADINE C. HETTLE, on oath say that I am the attorney or authorized agent of the owner of the $50,000 cash deposited as security on the foregoing bond; that the owner of said cash is Chuanphit Srithongrung.

Dkt. 351-1 at 1.

Both the cashier's check and the affidavit constitute compelling evidence that the $50,000 was deposited by Srithongrung, and that the money belonged entirely to her. There is absolutely no evidence suggesting that a third party has an

ownership interest in these funds. The United States has met its burden. As a result, the $50,000 used to secure Srithongrung's bond should be applied to any of Srithongrung's unsatisfied financial obligations.

## CONCLUSION

The United States' Motion to Apply Bond (*see* Dkt. 348) is **GRANTED**. The United States District Clerk for the Southern District of Texas is ordered to apply the $50,000 cash deposit posted by Srithongrung against the outstanding $100 special assessment. *See* Dkt. 331 at 5. The remaining balance shall be made payable to the United States Marshals Service in partial satisfaction of the $500,000 money judgment previously ordered by Judge Hanks. *See* Dkt. 284 at 3.

SIGNED this 22nd day of February 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE